AO 245D (Rev. AO 09/11-CAN  07/14) Judgment in Criminal Case of Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of California

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
| --- | --- | --- |
|  | ) | (For **Revocation** of Probation or Supervised Release) |
| **v.** | ) |  |
| Jesse Allan Kuntz | ) | USDC Case Number: CR-11-00833-001 CW |
|  | ) | BOP Case Number: DCAN411CR00833-001 |
|  | ) | USM Number: 16427-111 |
|  | ) | Defendant's Attorney: John Paul Reichmuth |

**THE DEFENDANT:**

☐ Admitted guilt to violation of condition(s) of the term of supervision as set forth in Charge One of the Petition for Arrest Warrant for Offender Under Supervision, filed September 21, 2016.

☑ was found in violation of condition(s) of the term of supervision as set forth in charge one of the Form 12 filed 9/21/16

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
| --- | --- | --- |
| One | Committed a new law violation | September 15, 2016 |
|  |  |  |
|  |  |  |
|  |  |  |

The defendant is sentenced as provided in pages 2 through  4  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s)  and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 5928

Defendant's Year of Birth: 1985

City and State of Defendant's Residence:
Antioch, California

12/20/2016
Date of Imposition of Judgment

*/s/ Claudia Wilken*
Signature of Judge

The Honorable Claudia Wilken
Senior United States District Judge
Name & Title of Judge

12/22/16
Date Signed

AO 245B (Rev. AO 09/11-CAN 10/13) Judgment in Criminal Case

DEFENDANT: Jesse Allan Kuntz  Judgment - Page 2 of 4
CASE NUMBER: CR-11-00833-001 CW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
12 months and one day

☑ The Court makes the following recommendations to the Bureau of Prisons: 1) that Defendant be placed at Lompoc F.C.I., 2) that Defendant be sent to an RRC no less than 90 days prior to his release.

☑ The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at    ☐ am  ☐ pm   on (no later than 2:00 pm).

☐ as notified by the United States Marshal.

The appearance bond shall be deemed exonerated upon the surrender of the defendant. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ at    ☐ am  ☐ pm   on (no later than 2:00 pm).

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

The appearance bond shall be deemed exonerated upon the surrender of the defendant. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. AO 09/11-CAN 10/13) Judgment in Criminal Case

DEFENDANT:  Jesse Allan Kuntz  Judgment - Page 3 of 4
CASE NUMBER:  CR-11-00833-001 CW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>24 months</u>

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. AO 09/11-CAN 10/13) Judgment in Criminal Case

DEFENDANT:  Jesse Allan Kuntz                                                                              Judgment - Page 4 of 4
CASE NUMBER:  CR-11-00833-001 CW

## SPECIAL CONDITIONS OF SUPERVISION

<u>Prior Conditions</u>

1 The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

2. The defendant shall pay any special assessment that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

3. The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without cause. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

4. When not employed at least part-time/and or enrolled in an educational or vocational program, the defendant shall perform up to 20 hours of community service per week as directed by the United States Probation Office.

5. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

6. The defendant shall cooperate in the collection of DNA as directed by the probation officer